UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOBBY DARRELL COLBERT,

                Petitioner,

v.

JASON BENNETT,

                Respondent.

Case No. C23-1122-JNW-MLP

REPORT AND RECOMMENDATION

      Petitioner Bobby Colbert is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. On July 27, 2023, Petitioner submitted to this Court for consideration a document which he identified as a "Request for Records." (*See* dkt. ## 1, 11.) Petitioner indicated in his submission his intent to file a federal habeas petition, and he moved this Court for an Order directing Respondent to produce copies of records relating to his state court criminal proceedings for purposes of preparing his petition. (*See* dkt. # 11.) Specifically, Petitioner requested that he be provided records related to Skagit County Superior Court Case No. 04-1-00497-6 and noted that he intended to raise in his contemplated habeas petition a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), regarding the State's alleged suppression of exculpatory evidence. (*See id.* at 3-4.)

REPORT AND RECOMMENDATION
PAGE - 1

Upon receipt of Petitioner's submission, the Court reviewed its records and determined that Petitioner had previously filed six other federal habeas petitions challenging his conviction under Skagit County Superior Court Case No. 04-1-00497-6. *See Colbert v. McDonald*, C08-0870-RSL; *Colbert v. Sinclair*, C11-0076-RSM; *Colbert v. Glebe,* C12-0563-RAJ; *Colbert v. Gilbert*, C16-1663-RSL; *Colbert v. Haynes*, C18-1350-RSM, *Colbert v. Haynes*, C19-0467-RAJ. The Court determined as well that Petitioner's last four habeas petitions were deemed successive and had been either transferred to the Ninth Circuit as second or successive petitions (C12-0563-RAJ and C16-1663-RSL) or dismissed (C18-1350-RSM and C19-0467-RAJ).

Given Petitioner's history of repeatedly seeking relief related to the same criminal conviction, this Court, on November 3, 2023, issued an Order directing Petitioner to show cause why this matter should not be dismissed for lack of jurisdiction. (Dkt. # 9.) The Court explained that it appeared likely Petitioner's anticipated new federal habeas petition, once filed, would be deemed successive under 28 U.S.C. § 2244(b). (*Id*. at 2.) The Court further explained that this Court is without jurisdiction to consider a second or successive habeas petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A); Circuit Rule 22-3. (*Id*.) The Court observed that Petitioner had provided no evidence in his submission that the Ninth Circuit had authorized the filing of a new petition, nor had he identified any authority demonstrating that this Court has jurisdiction to entertain a request for production of records in this context. (*Id*.)

Petitioner was directed to file a response to the Order to Show Cause within thirty days and was advised that his failure to timely respond would result in a recommendation that this action be dismissed for failure to prosecute. (Dkt. # 9 at 2.) Petitioner failed to file timely any response to the Court's Order to Show Cause. However, on December 22, 2023, the Court

received from Petitioner a motion asking that the Court take judicial notice of the Skagit County Superior Court records that were the subject of his initial request for records. (Dkt. # 14.) Petitioner appears to assert that these records are necessary to determine whether he received a full and fair hearing in his state court post-conviction proceedings. (*See id*.) However, Petitioner in no way addresses the jurisdictional question raised by the Court in its Order to Show Cause.

Petitioner does not dispute that he is seeking to challenge the same Skagit County Superior Court conviction that has been the subject of numerous prior habeas actions, nor does Petitioner provide any evidence that the Ninth Circuit has authorized the filing of the instant action. It thus appears that this Court lacks jurisdiction over this matter. Accordingly, this Court recommends that the instant action be DISMISSED. This Court further recommends that Petitioner's pending request for records (dkt. # 11) and his recently filed motion requesting judicial notice (dkt. # 14) be STRICKEN as moot. A proposed Order accompanies this Report and Recommendation.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability, and therefore recommends that a certificate of appealability be denied.

REPORT AND RECOMMENDATION
PAGE - 3

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 26, 2024.**

DATED this 2nd day of January, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge