UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBY DARRELL COLBERT,<br><br>    Petitioner,<br><br> v.<br><br>JASON BENNETT,<br><br>    Respondent. | CASE NO. 2:23-cv-1122<br><br>ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION |

## 1. INTRODUCTION

Before the Court is the Report and Recommendation (R&R) of the Honorable Michelle L. Peterson, U.S. Magistrate Judge for the Western District of Washington, recommending that the Court dismiss Bobby Darrell Colbert's case with prejudice. Dkt. No. 15 at 3. Colbert objects. Dkt. No. 16. For the reasons explained below, the Court adopts the R&R and DISMISSES Colbert's case.

## 2. BACKGROUND

Colbert is being held at Stafford Creek Corrections Center in Aberdeen, Washington. *See* Dkt. Colbert submitted a document styled as a "Request for Records" related to his Skagit County Superior Court case number 04-1-00497-6 in

ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION - 1

which he seeks "relevant portions of the transcripts and other parts of the record before filing of his habeas corpus petition." Dkt. No. 1 at 1, 4. Colbert argues he needs these records because he intends to raise a habeas petition under *Brady v. Maryland*, 373 U.S. 83 (1963), regarding the State's alleged suppression of exculpatory evidence. *Id.* at 3.

Colbert has already filed six other habeas petitions in this District all challenging his conviction in Skagit County Superior Court case number 04-1-00497-6. *See Colbert v. McDonald*, C08-0870-RSL; *Colbert v. Sinclair*, C11-0076-RSM; *Colbert v. Glebe*, C12-0563-RAJ; *Colbert v. Gilbert*, C16-1663-RSL; *Colbert v. Haynes*, C18-1350-RSM, *Colbert v. Haynes*, C19-0467-RAJ. All of his previous petitions have been either dismissed or transferred to the Ninth Circuit as successive.

Judge Peterson issued an Order directing Colbert to show cause why this matter should not be dismissed as a successive petition under 28 U.S.C. § 2244(b). Dkt. No. 15 at 2. Judge Peterson explained that this Court lacks subject matter jurisdiction to consider a second or successive habeas petition until the Ninth Circuit Court of Appeals authorizes its filing. Dkt. No. 9 at 2 (citing 28 U.S.C. § 2244(b)(3)(A); Circuit Rule 22-3).

Colbert failed to respond to the Court's jurisdictional question in the Order to Show Cause. *Id.* Instead, Colbert requested that the Court take judicial notice of the Skagit County Superior Court records. Dkt. No. 15 at 3. Accordingly, Judge Peterson recommended that the Court dismiss this action and strike as moot Colbert's pending requests for records and judicial notice.

ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION - 2

1
2
3
4
5
6

Colbert raises three objections: (1) "[t]he Order Granting Leave To Proceed In Forma Pauperis and the non-frivolous *Brady* claim satisfy the standard under 28 U.S.C. [§] 1915"; (2) the Court should not have struck his motion to appoint counsel because he "asserts a Sixth Amendment right to counsel"; and (3) the Skagit County Superior Court postconviction proceedings are admissible in his habeas case and "require a hearing under Federal Rule of Evidence 201(e)." Dkt. No. 16 at 1-2.

### 3.  ANALYSIS

7
8
9
10
11

This Court reviews and "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

12
13
14
15
16
17
18
19
20

The Court agrees with Judge Peterson's finding that Colbert's intended habeas petition qualifies as a successive or second petition under 28 U.S.C. § 2244(b) and, because Colbert failed to obtain authorization from the Ninth Circuit before filing, this Court lacks jurisdiction. None of Colbert's objections address the fact that he is seeking habeas relief related to the same criminal conviction (Skagit County Superior Case No. 04-01-00497-6). Colbert's objections also do not address the Court's lack of jurisdiction to consider a second or successive habeas petition until the Ninth Circuit has authorized its filing. *See* Dkt. No. 9. at 2. Therefore, Colbert's objections do not change this Court's analysis about his case.

**3.1  The Court denies Colbert's Certificate of Appealability.**

Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, Colbert has not made such a showing. Because Colbert has not provided sufficient information to establish the Court's jurisdiction, the Court finds that no reasonable jurist could disagree with its resolution. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## 4.  CONCLUSION

The Court, having reviewed the R&R of the Honorable Michelle L. Peterson, Colbert's objections to the R&R, and the remaining record, does find and ORDER:

(1) The Report and Recommendation is approved and adopted.

(2) This action is DISMISSED for lack of jurisdiction.

(3) Petitioner's pending request for records (Dkt. No. 11) and his motion requesting judicial notice (Dkt. No. 14) are STRICKEN as moot.

(4) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

(5) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Michelle L. Peterson.

Dated this 23rd day of April, 2024.

Jamal N. Whitehead
United States District Judge